David L. Aronoff (State Bar No. 152606)
daronoff@winston.com
Gayle I. Jenkins (State Bar No. 168962)
gjenkins@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Plaintiff,
COR CLEARING, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COR CLEARING, LLC, a limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> ASHIRA CONSULTING, LLC., a limited liability company; SHEIK FIDROSH KHAN AKA ABIDA KHAN, an individual; and ALIA S. KHAN, an individual, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMPLAINT

# COMPLAINT

Plaintiff COR Clearing, LLC ("Plaintiff" or "COR Clearing"), by its attorneys, for its Complaint against Defendants Ashira Consulting, LLC, Sheik Fidrosh Khan a/k/a Abida Khan ("Abida Khan"), and Alia S. Khan (collectively "Defendants"), alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff is a national securities clearing firm that provides clearing and administrative services to its customers. Plaintiff seeks declaratory relief and preliminary and permanent injunctions to preclude Defendants from pursuing an arbitration proceeding they have improperly filed against Plaintiff before the Financial Industry Regulatory Authority ("FINRA") styled *Ashira Consulting, LLC v. COR Clearing, LLC, et al.*, FINRA Case No. 15-02385 (the "Arbitration").

2. Defendants should be enjoined from pursuing the Arbitration as there is no agreement to arbitrate between Plaintiff and any Defendants that applies to the subject claims because (a) Defendants Abida Khan and Ashira Consulting, LLC are not, and have never been, customers of Plaintiff; and (b) Defendant Alia S. Khan's investment directly in a third party entity is not connected to COR's business activities, and therefore Defendants have no basis to bring an arbitration proceeding before FINRA against Plaintiff.

## PARTIES

3. At all times alleged herein, Plaintiff COR Clearing, LLC is a Delaware limited liability company, with its principal place of business in Omaha, Nebraska. Plaintiff is a member of FINRA and a national clearing firm that does business with independent brokers across the country, including California. At all

1  times pertinent herein, Plaintiff also operated an equity trade execution desk that
2  transacted only unsolicited trade orders on behalf of clients.

3    4.   Plaintiff is informed and believes that Defendant Sheik Fidrosh
4  Khan a/k/a Abida Khan is and was a resident of the County of Riverside, State of
5  California.

6    5.   Plaintiff is informed and believes that Defendant Alia S. Khan is
7  and was a resident of the County of Riverside, State of California.

8    6.   Plaintiff is informed and believes that Defendant Ashira
9  Consulting, LLC is a Nevada limited liability company that does business in
10 California, including the hiring of Defendants Abida Khan and Alia S. Khan.

## JURISDICTION

13   7.   This Court has original subject matter jurisdiction of this action
14 pursuant to 28 U.S.C. § 1331 because this action arises under the Federal Arbitration
15 Act, 9 U.S.C. § 4.

16   8.   Jurisdiction is also proper pursuant to 28 U.S.C. § 1332 because
17 Plaintiff and Defendants are citizens of different states and the amount in controversy
18 exceeds $75,000, exclusive of interests and costs.  If forced to arbitrate claims that
19 Plaintiff did not agree to arbitrate before FINRA, Plaintiff will incur significant legal
20 fees and expenses in connection with defending itself against Defendants' claims, who
21 seek to recover losses totaling almost $500,000.

## VENUE

24   9.   Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (c)
25 because a substantial part of the events and omissions giving rise to the claim occurred
26 in this district.  Defendants brought the Arbitration in FINRA's West Regional Office,
27 which is located in Los Angeles, California.

3

COMPLAINT

## FACTUAL BACKGROUND

### The Arbitration

10. On September 16, 2015, Defendants initiated the Arbitration with FINRA against Plaintiff. A true and correct copy of the Statement of Claim initiating the Arbitration is attached hereto as Exhibit A. A true and correct copy of the submission agreement submitted by Defendants in connection with the Arbitration is attached hereto as Exhibit B.[1] COR Clearing was served with the Statement of Claim on September 21, 2015. COR Clearing's answer is due on November 10, 2015.

11. The Arbitration was initiated at, and is being administered through FINRA's office in Los Angeles, California.

12. In the Statement of Claim, Defendants complain of investments they made with third party entities, VGTel, Inc. and New Market Enterprises, Inc.

13. Plaintiff is informed and believes that VGTel, Inc. and New Market Enterprises, Inc. are affiliated with an individual, Edward Durante. Edward Durante is described by the Securities Exchange Commission in 2001 as "a recidivist securities law violator." Plaintiff is informed and believes that Edward Durante operates under an alias, Kenneth Wise and/or Ted Wise, because he is barred from the securities industry and is thwarting the government's efforts to collect restitution relating to his prior conduct.

14. Defendants claim to have lost almost $500,000 from their investments made through these third-party entities. Specifically, Ashira Consulting, LLC entered into a promissory note and with VGTel Inc. while Alia S. Khan entered into a stock purchase agreement with New Market Enterprises, Inc. for a private sale

---

[1] The Statement of Claim only lists Ashira Consulting, LLC as a Claimant, but the submission agreement also lists Abida Khan and Alia S. Khan as Claimants. (*See* Exs. A-B)

of existing shares of VGTel, Inc.  The Statement of Claim does not contain any allegations that Abida Khan individually made any investments.

15. In the Arbitration, Defendants seek to hold COR Clearing responsible for their alleged losses despite the fact that the Statement of Claim does not contain any allegations connecting COR Clearing to their investments. Representing themselves, they appear to allege that COR Clearing is responsible based on the following theories: (a) failure to treat Defendants in a just and equitable manner; (b) negligence, gross negligence, negligent representation and omission, and negligent supervision; (c) violation of FINRA Rule 2310; (d) violation of NYSE Rule 405; (d) violation of FINRA Rule 3010 and NYSE Rule 342; (e) fraudulent misrepresentation and omission; (f) breach of contract; and (g) violation of California (*sic*).

16. Defendants only brought this action after their efforts to recover their investments from Edward Durante failed.  However, Edward Durante was never an employee of COR Clearing.

17. COR Clearing had nothing to do with Defendants' investments in these third parties entities.  COR Clearing did not author the promissory notes or stock purchase agreement.  COR Clearing also did not hold any of the notes or facilitate any transactions with the purchased stock.  COR Clearing never had custody of the notes or agreement and, as these were not trades, COR Clearing also did not "clear" any of these transactions.

18. COR Clearing did not sign a written contract or customer agreement with Defendants Abida Khan and Ashira Consulting, LLC.  This is because these two Defendants do not have, and have never had, accounts at COR Clearing, LLC.

19. While Alia S. Khan opened a self-directed trading account at COR Clearing, there was never any trading activity associated with her account after it was opened.

20. Defendants nevertheless claim that COR Clearing should somehow be responsible for their losses because COR Clearing sometimes executed trades for the third parties entities. However, COR Clearing simply provided the ministerial services of executing unsolicited trades initiated by its customers completely unrelated to these Defendants' direct investments in VGTel stock through their contracts with third parties.

**COR Clearing Has No Agreement or Obligation to Arbitrate with Defendants**

21. Defendants Abida Khan and Ashira Consulting, LLC do not have any contractual relationship with COR Clearing. Abida Khan and Ashira Consulting, LLC do not have accounts with COR Clearing. COR Clearing never entered into any agreement requiring that disputes between it and Abida Khan or Ashira Consulting, LLC be arbitrated. Alia Khan's claims are not subject to FINRA arbitration with COR because she invested directly with two different companies, unrelated to her account at COR Clearing that had no activity associated with it.

22. Defendants have no right to bring this Arbitration against COR Clearing under the FINRA Arbitration Code, which requires FINRA members to only arbitrate certain disputes. In the absence of a written arbitration agreement, FINRA Rule 12200 only requires members to arbitrate claims if the arbitration is requested by a "customer," the dispute is "between a customer and a member or associated person of a member," _**and**_ the "dispute arises in connection with the business activities of the member of the associated period." Defendants Abida Khan and Ashira Consulting, LLC do not qualify as "customers" under FINRA Rule 12220 because they never had accounts with Plaintiff. COR Clearing is also not required to arbitrate Defendant Alia

S. Khan's claims because her purchase of VGTel shares pursuant to a private stock purchase agreement with New Market Enterprises, Inc. is unrelated to COR's business activities.

## **First Claim for Relief – Declaratory Judgment**
### **(By Plaintiff Against Defendants)**

23. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

24. No agreement to arbitrate exists between COR Clearing and any Defendant.

25. Defendants seek arbitration based on Rule 12200 of the FINRA Code of Arbitration by submitting their dispute to FINRA's Dispute Resolution system. However, in the absence of an agreement to arbitrate, Rule 12200 only requires arbitration if the arbitration is requested by a "customer," the dispute is "between a customer and a member or associated person of a member," ___and___ the "dispute arises in connection with the business activities of the member of the associated period."

26. Defendants Abida Khan and Ashira Consulting, LLC are not now and have never been "customers" of COR Clearing.

27. Defendant Alia S. Khan's investment complained of in the Arbitration is not connected to the business activities of COR Clearing.

28. Accordingly, COR Clearing lacks any obligation to arbitrate any claims brought by Defendants.

29. Declaratory relief is appropriate because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with immediacy.

7

COMPLAINT

30. COR Clearing therefore, requests a declaratory judgment from this Court that COR Clearing has no obligation to arbitrate Defendants' claims pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

## Second Claim for Relief – Injunctive Relief
### (By Plaintiff Against Defendants)

31. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

32. COR Clearing will suffer immediate and irreparable harm if it is compelled to arbitrate claims that it did not agree to arbitrate.

33. COR Clearing has a likelihood of success on the merits. COR Clearing has no obligation to arbitrate with Defendants based on the claim asserted against Plaintiff in the FINRA Arbitration. There is no applicable agreement to arbitrate between COR Clearing and Defendants. Defendants Abida Khan and Ashira Consulting, LLC are not "customers" of COR Clearing and the investments complained of by Defendant Alia S. Khan is not connected to COR Clearing's business activities as required by FINRA Rule 12200.

34. COR Clearing has no adequate remedy at law.

35. COR Clearing is entitled to preliminary and permanent injunctive relief enjoining Defendants from further proceedings against COR in the arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff COR Clearing demands judgment as follows:

A. Entry of a declaratory judgment that COR Clearing has no obligation to arbitrate the claims asserted by Defendants in the FINRA Arbitration;

B. Entry of orders preliminarily and permanently enjoining Defendants from further proceedings against COR Clearing in the FINRA Arbitration; and

C. Granting COR Clearing any other and further relief as the Court may deem just and proper.

Respectfully submitted,

WINSTON & STRAWN LLP

Dated:  November 6, 2015     By:     /s/ Gayle I. Jenkins
David L. Aronoff
Gayle I. Jenkins

Attorneys for Plaintiff COR Clearing, LLC